The KROGER COMPANY, Appellant,

v.

The DEPARTMENT OF REVENUE, Commonwealth of Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

May 20, 1977.

Rehearing Denied July 8, 1977.

Discretionary Review Denied Oct. 24, 1977.

Glenn McDonald, Turner & McDonald, Louisville, for appellees.

Carl Arthur Henlein, Brooks Alexander, Middleton, Reutlinger & Baird, Louisville, for appellant.

Before GANT, LESTER and PARK, JJ.

PARK, Judge.

This appeal involves the right of the appellant, The Kroger Company, to deduct certain taxes paid the State of Indiana in computing its 1967 Kentucky Corporation Income Tax Liability. The case reaches this court after rulings adverse to The Kroger Company by the Department of Revenue, the Kentucky Board of Tax Appeals, and the Franklin Circuit Court.

The Kroger Company is a multi-state corporation engaged in the operation of supermarkets and drugstores. The computation of the Kentucky income tax liability of a multi-state corporation is a three step procedure. First, the corporation must compute its "gross income." [1] Next, the corporation determine its "net income." [2] Last,

---

1. KRS 141.010(12)

" 'Gross income,' in the case of corporations, means 'gross income' as defined in section 61 of the Internal Revenue Code . . . :"

2. KRS 141.010(13)

" 'Net income,' in the case of corporations, means 'gross income' as defined in subsection (12) of this section minus all the deductions from gross income allowed corporations by chapter 1 of the Internal Revenue Code, except the following:

the corporation computes its "taxable net income."[3] It is only at the third stage when the corporation is calculating "taxable net income" that the corporation's business income is allocated and apportioned to this state under the provisions of KRS 141.-120 utilizing the average of a property factor, a payroll factor and a sales factor. Thus, if a tax paid another state is deductible in computing "net income," the amount of the corporation's business income which can be allocated to Kentucky as "taxable net income" will be reduced.

In the present case, The Kroger Company attempted to compute its net income by taking a deduction for taxes in the amount of $1,119,951.00 paid to the State of Indiana. The Department of Revenue asserts that, under KRS 141.010(13)(a), the Indiana tax cannot be taken as a deduction in determining net income because the Indiana tax is "a state tax which is computed, in whole or in part, by reference to gross or net income". On the other hand, The Kroger Company asserts that the Indiana tax is deductible because it is computed by reference to *gross receipts* rather than *gross or net income.*

■ The Department of Revenue relies upon the fact that the tax in question was originally enacted as the "Gross Income Tax Act of 1933" and that the Indiana Supreme Court has consistently held the tax to be an income tax. *Miles v. Department of Treasury,* 209 Ind. 172, 199 N.E. 372, 97 A.L.R. 1474, 101 A.L.R. 1359 (1935), appeal dismissed 298 U.S. 640, 56 S.Ct. 750, 80 L.Ed. 1372 (1936). However, the name by which a tax is described in the statutes is without significance. The character of any tax must be determined by its operation and effect, rather than its label. *City of Louisville v. Sebree,* 308 Ky. 420, 429, 214 S.W.2d 248, 253 (1948).

(a) Any deduction for a state tax which is computed, in whole or in part, by reference to gross or net income and which is paid or accrued to any state of the United States, the District of Columbia, the commonwealth of Puerto Rico, any territory or possession of the United States, or to any foreign country or political subdivision thereof;"

■ Under Section 901 of the Internal Revenue Code (26 U.S.C. § 901), a federal tax credit is allowed for the amount of "income tax" paid to a foreign country. In determining whether a foreign tax is an "income tax" within the meaning of Section 901 of the Internal Revenue Code, the federal courts have consistently held that the issue must be decided by reference to federal laws and court decisions, rather than the law of the foreign country. *Bank of America National Trust and Savings Association v. United States,* 459 F.2d 513, 198 Ct.Cl. 263 (1972); *Allstate Insurance Company v. United States,* 419 F.2d 409, 190 Ct.Cl. 19 (1969). Similarly, whether the Indiana Gross Income Tax is calculated by reference to "gross or net income" must be determined by Kentucky law rather than Indiana law. The doctrine of comity does not dictate that Indiana's characterization of its gross income tax controls the construction to be given to Kentucky Income Tax statutes.

Under KRS 141.010(12), "gross income" has the same meaning as "gross income" as defined in Section 61 of the Internal Revenue Code (26 U.S.C. § 61) with certain adjustments. Further reference is made to federal law by KRS 141.050(1) which provides:

"Except to the extent required by differences between this chapter and its application and the federal income tax law and its application, the administrative and judicial interpretations of the federal income tax law, *computations of gross income* and deductions therefrom, accounting methods, and accounting procedures, for purposes of this chapter shall be as nearly as practicable identical with those required for federal income tax purposes." (emphasis added)

3. KRS 141.010(14)(b)

" 'Taxable net income,' in the case of corporations having property or payroll both within and without this state means 'net income' as defined in subsection (13) of this section and as allocated and apportioned under KRS 141.120;"

In determining whether the Indiana tax is computed with reference to "gross or net income," consideration must be given to those terms under the Federal Internal Revenue Code.

Section 61 of the Internal Revenue Code provides in part:

". . . gross income means all income from whatever source derived, including (but not limited to) the following items:

\* \* \* \* \* \*

(2) gross income derived from business;
(3) *gains* derived from dealings in property; \* \* \*" (emphasis added)

In the regulations promulgated by the Treasury Department, gross income is further defined as follows:

"In a manufacturing, merchandising or mining business, 'gross income' means total sales, less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources. \* \* \* The cost of goods sold should be determined in accordance with the method of accounting consistently used by the taxpayer." Treas.Reg. § 1.61.–3(a) (1957).

Respecting the sale of property, *gross income* under the Internal Revenue Code means *gain,* not gross receipts. For a merchant, that gain is computed by deducting the cost of goods sold from total sales.

This interpretation of the term "gross income" antedates the adoption of the sixteenth amendment. In construing the Corporation Excise Tax Act of 1909, the Supreme Court in *Doyle v. Mitchell Bros. Co.,* 247 U.S. 179, 38 S.Ct. 467, 62 L.Ed. 1054 (1918), held that "gross income" was not the equivalent of "gross receipts." The Supreme Court equated the term "income" with gain. If a capital asset were sold at less than cost, it would produce loss rather than income. The Supreme Court referred to the regulations promulgated pursuant to the act in 1910 which provided that "gross income" was the difference between the price received for goods sold and the cost of goods purchased during the year, with appropriate adjustments for any beginning and ending inventories. This interpretation

of the term "income" was reaffirmed in interpreting the federal income tax laws following the adoption of the sixteenth amendment. See *Eisner v. Macomber,* 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920); *Merchants' Loan and Trust Co. v. Smietanka,* 255 U.S. 509, 41 S.Ct. 386, 65 L.Ed. 751 (1921). Under the provision of Section 61(a)(3) of the Internal Revenue Code of 1954, (26 U.S.C. § 61), only "gains" derived from dealings in property fall within the definition of "gross income."

As used in the Indiana tax statute the term "gross income" has a meaning totally unrelated to the concept of gain. The Indiana statute in question provides the following definition:

"The term 'gross income,' \* \* \* means the gross receipts of the taxpayer received from trades, businesses, or commerce, including \* \* \* the gross receipts received from the sale, transfer, or exchange of property, tangible or intangible, real or personal \* \* \* without any deductions on account of \* \* \* the cost of the property sold \* \* \*." Ind.Code § 6–2–1–1(m), formerly § 64–2601(m) of Burns Indiana Statutes.

Under the Indiana statute, a merchant must pay a tax on the gross receipts from the sale of goods, even though the goods are sold at cost without any gain to the merchant. *Walgreen Company v. Gross Income Tax Division,* 225 Ind. 418, 75 N.E.2d 784, 1 A.L.R.2d 1014 (1947).

■ On its 1967 Indiana Corporation Income Tax Return, The Kroger Company was required to report its total retail sales of $225,264,876.79 without any deduction for the cost of goods sold. A tax was imposed at the rate of one half percent without regard to whether The Kroger Company had a gain or loss on its sales in the State of Indiana.

As applied to The Kroger Company's retail sales in the State of Indiana, the Indiana tax is not calculated by reference to "gross or net income" as those terms are used in the Kentucky Income Tax Statutes. The Indiana tax is the functional equivalent

of a sales tax which clearly would be deductible in arriving at net income as defined by KRS 141.010(13).

■ This court concludes that the circuit court erred in sustaining that portion of the order of the Kentucky Board of Tax Appeals which sustained the Department of Revenue's disallowance of the Indiana tax calculated on the gross receipts from retail sales by The Kroger Company within the State of Indiana. The Kroger Company's 1967 Indiana Corporation Income Tax Return also reveals that a tax was imposed upon amounts received by The Kroger Company in the form of commissions, fees, interest and dividends. These amounts would fall within the term "gross income" as used in Section 61 of the Internal Revenue Code. See Treas.Reg. 1.61–3(a), cited above. The Indiana tax imposed upon these incidental operations or sources was properly disallowed as a deduction under KRS 141.-010(13)(a) because as to these items the tax was computed by reference to "gross income."

The judgment of the circuit court is reversed, and the case is remanded to the circuit court with directions to enter a judgment in conformity with this opinion.

All concur.