UNITED AIR LINES, INC., Plaintiff-Appellant, *v.* GEORGE H. MAHIN, Director of the Department of Revenue, Defendant-Appellee.

First District (4th Division)　No. 78-320

Opinion filed December 27, 1979.

Joseph T. Kane, Michael A. Katz, and Paul M. Tschirhart, all of Chicago (Philip J. Hogan and J. Richard Street, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel and Joseph D. Keenan, III, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

This controversy has its origins in a 1963 action brought by plaintiff, United Air Lines, Incorporated (United), to enjoin assessment and collection of the Illinois use tax (Ill. Rev. Stat. 1975, ch. 120, par. 439.1 *et seq.*), on aviation fuel purchased by United in Indiana and stored in Illinois for use on United's aircraft departing from Illinois airfields. After final judicial determination that the use tax was applicable (*United Air Lines, Inc. v. Mahin* (1971), 49 Ill. 2d 45, 273 N.E.2d 585, *aff'd in part, vacated and remanded in part* (1973), 410 U.S. 623, 35 L. Ed. 2d 545, 93 S. Ct. 1186, *aff'd on remand* (1973), 54 Ill. 2d 431, 298 N.E.2d 161), United sought an order from the circuit court granting a refund from the protest fund into which the tax had been paid in an amount equal to that which United had paid to the seller, Shell Oil Company, in Indiana for payment of Indiana gross income taxes (Indiana Code 6—2—1—1 *et seq.* (1976)) incurred by Shell as the result of that sale. On appeal from the denial of that motion United contends that the trial court erred because: (1) United

was entitled to an exemption by the express terms of section 439.3 of the Use Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 439.3 (sixth unnumbered paragraph)); (2) construction of that statute so as to deny the exemption would result in unconstitutional multistate taxation.

We reverse.

By statute in Illinois one who has purchased tangible personal property outside of the State and has paid a tax in that other State "in respect to the sale, purchase or use of such property" is exempt from the Illinois use tax on the use of the property in Illinois to the extent of the amount of tax paid in the other State. We must decide whether this provision applies to the payment of Indiana's gross income tax according to a contractual arrangement, permitted by Indiana law, in which the Illinois purchaser-user pays to the Indiana seller the amount of such tax incurred by the seller, who in turn pays it to the State of Indiana.

The facts are not in dispute. Pursuant to contract in the period at issue, July 1963 to December 1973, United purchased and took delivery of fuel from Shell in Indiana. The purchase contracts provided that any tax incurred by Shell by reason of the sale or delivery of the fuel would be paid by United. Accordingly, during this period United paid to Shell $1,200,747.30 for Shell's liability for the Indiana gross income tax arising from the sales. Shell's total gross income tax payments to the State of Indiana for this period included that sum. United seeks an exemption on its Illinois use tax in this amount.

The Indiana Gross Income Tax Act states in pertinent part:

"Sec. 1. (a) When used in this chapter * * * the term 'person' or the term 'company' herein used interchangeably, means and includes any * * * corporation * * *.

\* \* \*

(m) The term 'gross income,' except as hereinafter otherwise expressly provided, means the gross receipts of the taxpayer received * * * from the sale, transfer, or exchange of property, tangible or intangible, real or personal, * * * without any deductions on account of the return of capital invested, the cost of the property sold, the cost of materials used, labor cost, interest, discount, or commissions paid or credited, or any other expense whatsoever paid or credited, and without any deductions on account of losses, and without any other deductions of any kind or character * * *." Indiana Code 6—2—1—1(a), (m) (1976).

"Sec. 2. There is hereby imposed a tax upon the receipt of gross income, measured by the amount or volume of gross income, and in the amount to be determined by such application of rates on such gross income as hereinafter provided. Such tax shall be levied upon the receipt of the entire gross income of all persons resident

and/or domiciled in the state of Indiana * * * and upon the receipt of gross income derived from activities or businesses or any other source within the state of Indiana, of all persons who are not residents of the state of Indiana * * *." (Indiana Code 6—2—1—2 (1976).)

The applicable portions of the Illinois Use Tax Act provide:

"To prevent actual or likely multistate taxation, the tax herein imposed does not apply to the use of tangible personal property in this State under the following circumstances:

* * *

(c) the use, in this State, of tangible personal property which is acquired outside this State and caused to be brought into this State by a person who has already paid a tax in another State in respect to the sale, purchase or use of such property, to the extent of the amount of such tax so paid in such other State." Ill. Rev. Stat. 1975, ch. 120, par. 439.3 (6th unnumbered paragraph).

I.

United contends that by the plain language of the Illinois act it is entitled to the exemption it sought below. The Department of Revenue (Department) argues that the provision is inapplicable because United did not actually pay a tax and because in any event the Indiana tax at issue is not of the type contemplated in the exemption provision.

The Department contends that the statute was not intended to provide an exemption for the *payment of another's tax liability* pursuant to a voluntary contractual arrangement. However, this focus on the person technically liable for payment of the tax is misplaced. In *Philco Corp. v. Department of Revenue* (1968), 40 Ill. 2d 312, 239 N.E.2d 805, the Illinois Supreme Court was faced with an analogous situation. In *Philco*, Rental Equipment Corporation (Rental) was held to be subject to the Illinois use tax upon the rental of equipment for use in Illinois. However, Rental contended that it was entitled to an exemption under the same provision at issue here for the payment of sales tax by Missouri lessees on some of the equipment subsequently leased in Illinois. The Department had refused to allow the credit because Rental had not paid the taxes but had passed them on to its Missouri lessees by a tax imposed on the amount of rent paid, as permitted by Missouri law. The supreme court acknowledged that under a literal reading of the exemption provision Rental was not the one who had paid the tax. But it then held:

"In our opinion, however, this literal reading of the exemption is not justified. The legislative purpose is to 'prevent actual or likely multistate taxation.' That purpose is not served by an interpretation

that centers upon the identity of the person who makes the payment to the exclusion of the economic effect of the tax. Whether actual payment of the tax levied by another State is made by the buyer or the seller, or by the lessee or the lessor, is not material to the legislative purpose of avoiding multistate taxation.

We hold, therefore, that Rental is entitled to credit for taxes that have been paid elsewhere with respect to the sale or use of the equipment here involved." (40 Ill. 2d 312, 327, 239 N.E.2d 805, 813.)

In this cause the contractual arrangement for payment of the tax by United was permitted under Indiana tax rules, although Shell was then required to include that tax payment to them as part of their gross income. (Instruction 2—2, Indiana Department of Revenue Regulations, Indiana Tax Reporter, par. 65—377 (CCH).) Clearly the effect of this procedure is to permit the seller to pass on substantially all of the economic burden of the tax to the buyer. (See *Herlihy Mid-Continent Co. v. Northern Indiana Public Service Co.* (7th Cir. 1957), 245 F.2d 440, 443, *cert. denied* (1957), 355 U.S. 894, 2 L. Ed. 2d 192, 78 S. Ct. 269.) Under these circumstances we hold that the nature of the contractual arrangement between Shell and United for payment of the tax does not in itself bar United from receiving an exemption for that payment.

But the Department also contends that the Indiana gross income tax is not the type of tax for which the legislature intended to grant an exemption. This contention ignores the plain language of the Illinois exemption provision as well as the purposes of the use tax and the exemption it establishes. When Shell sold the fuel to United, the gross receipts from that sale were subject to the gross income tax; United then undertook to pay the tax. Clearly this was a tax paid "in respect to" the sale or purchase of the fuel, which is all the statute requires. Moreover, this application is supported by an examination of the purposes behind the use tax provisions. The purpose of the Use Tax Act was to prevent evasion of the retailers' occupation tax applicable to purchases made within the State (Ill. Rev. Stat. 1975, ch. 120, par. 440 *et seq.*), and to protect in-State retail merchants against diversion of business to out-of-State sellers. (*Turner v. Wright* (1957), 11 Ill. 2d 161, 142 N.E.2d 84, *appeal dismissed for want of substantial federal question* (1957), 355 U.S. 65, 2 L. Ed. 2d 106, 78 S. Ct. 140; see generally Ice, *The Retailers' Occupation Tax Act and Related Tax Laws,* 1961 U. Ill. L.F. 614.) But in order to prevent multistate taxation an exemption from the use tax is granted to the extent of any tax paid in respect to an out-of-State purchase, sale, or use. (Ill. Rev. Stat. 1975, ch. 120, par. 439.3; *Philco Corp. v. Department of Revenue* (1968), 40 Ill. 2d 312, 239 N.E.2d 805.) In this cause these purposes are best served by assessment of the use tax with an

exemption for the gross income tax paid in respect to the purchase of the fuel in Indiana. United thus gains no unfair advantage by its out-of-State purchase as it will have paid the same tax as if it had purchased the fuel in Illinois,[1] but it also will not incur a multistate tax burden in excess of that amount.

The Department suggests that because the Indiana tax is a gross *income* tax and the Illinois exemption is for taxes arising from the sale, purchase or use of property the exemption should not apply. However, the question of whether this Indiana tax should properly be labelled an income tax or a sales tax is not crucial to our analysis. (We do note that the one court which has squarely considered the question has determined that the tax is functionally a sales tax. (*Kroger Co. v. Department of Revenue* (Ky. 1977), 556 S.W.2d 156.)) The Department has conceded that the effect of the tax was the same as if a sales tax had been imposed. And we have concluded that the economic burden of the tax fell on United. Under these circumstances, in order to effectuate the legislative purpose of avoiding multistate taxation, and in accordance with the plain terms of the Use Tax Act, we hold that United is entitled to the exemption it seeks for payment of the Indiana gross income tax assessed as the result of United's purchase of fuel from Shell.

## II.

Because of our determination of this statutory question we need not consider United's constitutional argument.

The judgment of the trial court is reversed and the cause remanded for entry of an order in accordance with this opinion.

Reversed and remanded.

JIGANTI, P. J., and JOHNSON, J., concur.

---

[1] In its brief the Department suggests that United and Shell may have artificially lowered the price of the fuel so as to gain an unfair advantage; nothing in the record supports this claim.