**REVENUE CABINET, Commonwealth of Kentucky,
Appellant/Cross–Appellee,**

v.

**GENERAL MOTORS CORPORATION,
Appellee/Cross–Appellant.**

Nos. 89–CA–002210–MR,
89–CA–002257–MR.

Court of Appeals of Kentucky.

Aug. 31, 1990.

Stephen G. Dickerson, Cecilia Dunlap, Revenue Cabinet, Frankfort, for appellant/cross-appellee.

James Park, Jr., Carl A. Henlein, Scott W. Dolson, Brown, Todd & Heyburn, Lexington, for appellee/cross-appellant.

Before REYNOLDS, STUMBO and WEST, JJ.

STUMBO, Judge:

The Revenue Cabinet of the Commonwealth of Kentucky, the appellant, disagrees with a decision of the Franklin Circuit Court that awarded a deduction for most of the Michigan Single Business Tax (MSBT) paid by General Motors Corporation (GMC), the appellee. The appellee cross-appeals the same decision to the extent they were denied a total deduction for all amounts of the MSBT paid. We affirm the decision of the circuit court on both counts.

Because of its business activities in Michigan and Kentucky, GMC must pay both the MSBT and the Kentucky Corporate Income Tax (KCIT). GMC filed its KCIT for 1978–1981, but deducted those amounts paid toward the MSBT. The appellant disallowed that deduction, thereby resulting in an additional tax assessment against GMC. The appellant relied on KRS 141.010(13) which states:

"Net income," in the case of corporations, means "gross income" as defined in subsection (12) of this section minus

all the deductions from gross income allowed corporations by Chapter 1 of the Internal Revenue Code and as modified by KRS 141.0101, except the following:

(a) Any deduction for a state tax which is computed, in whole or in part, by reference to gross or net income and which is paid or accrued to any state of the United States....

Appellant determined the MSBT was computed by reference to gross or net income and was therefore nondeductible. GMC, on the other hand, contends the MSBT is not based on gross or net income; in the alternative, GMC argues that a functional analysis of the MSBT prevents it from falling into the exception of KRS 141.010(13)(a).

The MSBT is computed by beginning with business income, or federal taxable income. Based upon the tax returns, exhibits used, and expert testimony, there is no doubt that business income, federal taxable income, and net income are the same. If KRS 141.010(13) was read literally, the MSBT would be nondeductible. However, under the case of *Kroger Company v. Department of Revenue*, Ky.App., 556 S.W.2d 156 (1977), a practical, functional analysis of the tax is necessary to determine if it is deductible under KRS 141.010(13).

In performing the functional analysis, the "[c]haracter of any tax must be determined by its operation and effect." *Kroger, supra*, citing *City of Louisville v. Sebree*, Ky., 214 S.W.2d 248, 253 (1948). We must, therefore, determine the consequences of the MSBT. Several experts described the MSBT as a value-added tax, very similar to sales taxes or gross receipt taxes.[1] The MSBT is levied on the privilege of doing business in Michigan, not upon income. M.C.L. § 208.31(4). The MSBT must be paid even if the company experiences a loss.

A closer look at the computation of the MSBT is helpful. One must first compute business income, which is achieved by subtracting cost of materials and labor, inter-est paid, and depreciation from sales. Then the cost of labor, interest paid, and depreciation are added back into business income. The final step is to then subtract capital expenditures. This formula gives you the MSBT. What this computation does is, in effect, give you the value added to the raw materials during manufacturing process rather than the income or profits of the company. Under this view, the MSBT base has no relationship to gross or net income, thereby making it deductible in Kentucky.

The Kentucky Supreme Court decided a comparable case named *Armco Inc. v. Revenue Cabinet Commonwealth of Kentucky*, Ky., 748 S.W.2d 372 (1988). *Armco* involved an Ohio franchise tax that was determined in either of two ways (one of which made reference to net income) whichever was greater. The court in that decision stated that the franchise tax was deductible except that portion based on income. The *Armco* court had followed the functional analysis approach presented in *Kroger, supra.*

In the present scenario before this Court, the MSBT does include net income in the tax base. Yet, in nearly every other sense, the MSBT is more like a sales tax or gross receipt tax. The MSBT imposes a tax on all sales, regardless of profit. The tax base is primarily composed of items other than income. The MSBT also adds wages to the tax base and deducts those items which normally constitute elements of income. *See, Kellogg Company v. Department of Revenue*, Or. Tax Ct., No. 2533, 1987 WL 18463 (October 15, 1987). One also has an option to determine the MSBT without any reference to net income, i.e., using one-half of the company's gross receipts as its tax base. A company usually chooses the method which produces the lower tax liability, although GMC had never used the gross receipts method.

The Franklin Circuit Court focused its attention on whether the MSBT was a functional equivalent of an income tax and decided it was not, even though the MSBT is

---

[1] Richard A. Musgrave and Peggy B. Musgrave, *Public Finance in Theory and Practice* (4th ed. 1984). Testimony by Professor Fisher at trial also supports this proposition.

based partly on income. Following the *Armco* decision, the circuit court ruled that that portion of the MSBT based on income was nondeductible, while the remainder would be deductible. In light of the evidence, record, and case law before this Court, we cannot say the circuit court erred. We do hereby affirm its decision.

GMC also entered a cross-appeal seeking to have the total amount paid to the MSBT deemed deductible. In light of the *Armco* decision and the fact that the MSBT is at least partially based on net income, we must agree with the circuit court's determination on this issue. The judgment of the trial court is hereby affirmed on both the direct appeal and cross-appeal.

All concur.