**FIRST CHICAGO NBD CORP.,**
**f/k/a NBD Bancorp, Inc.,**
**et al., Petitioners,**

**v.**

**DEPARTMENT OF STATE REVENUE,**
**Respondent.**

**No. 49T10–9712–TA–00197.**

Tax Court of Indiana.

March 31, 1999.

---

Barton T. Sprunger, Mark J. Richards, Ice Miller Donadio & Ryan, Indianapolis, Attorneys for Petitioner.

Jeffrey A. Modisett, Attorney General of Indiana, David A. Arthur, Deputy Attorney General, Indianapolis, Attorneys for Respondent.

FISHER, J.

First Chicago NBD Corp. f/k/a NBD Bancorp, Inc. and its many subsidiaries (hereinafter referred to collectively as NBD) challenge the Department of State Revenue's (Department) decision to assess NBD with additional Financial Institutions Tax (FIT) liability. *See* IND.CODE ANN. § 6–5.5–2–1 (West Supp.1998). NBD raises one issue for this Court's consideration:

Whether IND.CODE ANN. § 6–5.5–1–2(a)(7)[1] (West Supp.1998), which requires the add back of taxes "based on or measured by income" to federal taxable income[2] in computing FIT liability, requires the add back of the Michigan Single Business Tax (MSBT). MICH. COMP. LAWS ANN. §§ 208.1—208.145 (West 1998).

Stated differently, the issue is whether the MSBT is "based on or measured by income."

## FACTS

NBD is a unitary group engaged in transacting the business of a financial institution in Indiana. *See* IND.CODE ANN. § 6–5.5–1–18 (West Supp.1998). During the years 1992 and 1993 NBD filed combined returns on behalf of the group for purposes of the FIT. *See* IND.CODE ANN. § 6–5.5–5–1 (West Supp. 1998). On February 26, 1996, the Department issued notices of proposed assessment to NBD proposing to increase the FIT liability of NBD for 1992 and 1993. The Department proposed to add back NBD's MSBT

---

1. On January 1, 1998, a newer version of section 6–5.5–1–2 went into effect. The newer version retains the same "based on or measured by income" language as its predecessor.

2. The FIT is assessed on a taxpayer's Indiana adjusted gross income, which, in turn, is based on federal taxable income as computed under Section 63 of the Internal Revenue Code. IND. CODE ANN. § 6–5.5–1–2 (West Supp.1998).

payments, which were deducted in computing NBD's federal taxable income, to NBD's Indiana adjusted gross income. The reason given by the Department for this add back was that the MSBT is a tax "based on or measured by income."

On April 25, 1996, NBD protested the proposed assessments. On October 8, 1996, following a hearing, the Department issued a letter of finding (LOF) denying NBD's protests. On December 24, 1996, the Department issued Demand Notices to NBD, based on the LOF, assessing NBD with additional FIT and interest for 1992 and 1993. NBD paid the entire assessment on January 3, 1997 and subsequently filed a claim for refund on June 17, 1997. On October 1, 1997, the Department denied NBD's claim for refund. NBD initiated this original tax appeal on December 2, 1997 and filed a motion for summary judgment on July 1, 1998.[3] The Court heard oral argument on NBD's summary judgment motion on October 27, 1998.

## ANALYSIS AND OPINION

### Standard of Review

This court reviews final determinations of the Department de novo and is bound neither by the evidence nor the issues raised at the administrative level. *See* IND.CODE ANN. § 6–8.1–9–1(d) (West Supp.1998); *State ex rel. ANR Pipeline Co. v. Department of State Revenue*, 672 N.E.2d 91, 93 (Ind. Tax Ct.1996). Summary judgment is appropriate only when no genuine issue of material fact exists. *See* IND. T.R. 56(C); *Roehl Transp., Inc. v. Department of State Revenue*, 653 N.E.2d 539, 541 (Ind. Tax Ct.1995). Cross-motions for summary judgment do not alter this standard. *See Roehl Transp.*, 653 N.E.2d at 541.

### Discussion

■■■ The MSBT is a type of value added tax (VAT). *See Caterpillar, Inc. v. Department of Treasury*, 440 Mich. 400, 488 N.W.2d 182, 185 (1992) (*citing Mobil Oil Corp. v. Department of Treasury*, 422 Mich. 473, 373

N.W.2d 730, 739 (1985)). "Value added is defined as the increase in the value of goods and services brought about by whatever a business does to them between the time of purchase and the time of sale." *Trinova Corp. v. Michigan Dep't of Treasury*, 498 U.S. 358, 362, 111 S.Ct. 818, 112 L.Ed.2d 884 (1991) (*quoting* James W. Haughey, *The Economic Logic of the Single Business Tax*, 22 WAYNE L. REV. 1017, 1018 (1978)). "The value added by the production of a final good is the sum of the value of the·raw materials, intermediate goods, labor, capital, and the profits which were combined to produce that final good." *Mobil Oil*, 373 N.W.2d at 740.

> The value of the worker's labor is the wages the laborer is paid to produce the good. The value of the raw materials, intermediate goods, and capital is what the producer must pay in order to obtain the use of these things. And the profit ... is measured by the difference between the cost of production and the receipts from sales.

*Id.* In short, measuring the value added is one method of measuring the impact of a business on the economy. *See Trinova*, 498 U.S. at 363, 111 S.Ct. 818.

■■■ A VAT is different from an income tax in many respects. An income tax is based on a taxpayer's ability to pay and is measured by the price received for the particular product. *See id.; see also Mobil Oil*, 373 N.W.2d at 740. A VAT is a tax on the taxpayer's "total business activity" and is measured by the cost of producing its product. *Trinova*, 498 U.S. at 364, 111 S.Ct. 818; *see also Mobil Oil*, 373 N.W.2d at 740. Even in cases where a company fails to make a profit, the company generally adds value through production and thus owes the VAT. *See Trinova*, 498 U.S. at 364, 111 S.Ct. 818.

Although the MSBT is characterized as a VAT, it is not a "pure [VAT] because it is subject to various exemptions, exclusions, and industry-specific adjustments." *Caterpillar*, 488 N.W.2d at 185. The first step in calculating a taxpayer's MSBT liability is to

---

**3.** In its response to NBD's summary judgment motion, the Department requested that summary judgment be granted in its favor. *See* IND. T.R. 56(B). The Department's request will be treated as a cross-motion for summary judgment. *See City Securities Corp. v. Department of State Revenue*, 704 N.E.2d 1122, 1125 n. 1 (Ind. Tax Ct.1998).

determine the taxpayer's "tax base." *Id.* In order to determine its tax base, a taxpayer takes its federal taxable income and makes numerous adjustments including adding costs of compensation, capital costs, and interest paid. *See* MICH. COMP. LAWS ANN. § 208.9 (West 1998); *see also Trinova,* 498 U.S. at 368, 111 S.Ct. 818. Once the taxpayer's tax base is determined, it is then apportioned among the states in which the taxpayer did business. *See Trinova,* 498 U.S. at 368–69, 111 S.Ct. 818. The portion of the tax base attributable to Michigan is the taxpayer's "adjusted tax base." *See* MICH. COMP. LAWS ANN. § 208.31(2) (West 1998). The taxpayer is assessed a tax equal to 2.35%[4] of its adjusted tax base. *See* MICH. COMP. LAWS ANN. § 208.31(1). With this background in mind, the Court now turns to the merits of this case.

■ The Department claims that the MSBT is "based on or measured by income" because the formula for calculating a taxpayer's tax base begins with federal taxable income. NBD argues that regardless of whether income is one component of the tax base, the MSBT is not based on or measured by income. NBD is correct.

Although taxable income is one portion of the tax base formula, the MSBT is not measured by or based on income. The fact that the calculation of a taxpayer's tax base begins with taxable income demonstrates nothing. The income data included in the tax base calculation is merely an effort to measure, in part, the value added by the production of a product. In the case of the federal taxable income generated by the product, the tax base formula is attempting to capture the value added as measured by the open market, instead of capturing the value added as measured by the taxpayer's costs of production. The income data is therefore not included in the tax base formula simply to tax the producer's income.

Likewise, the income data included in the tax base formula is not an attempt to provide a complete measure of the tax owed or the value added. In the MSBT formula, corporate outlays such as wages are *added* to income to calculate the tax base. This formula is therefore not designed to measure income but rather the value added through the production process. In contrast, a tax based on or measured by income would be calculated by *subtracting* such outlays in order to arrive at the income or profit made after the product is sold, and a tax measured by gross income or gross receipts would not add such outlays—it would merely look to what the taxpayer received during that tax period. *See, e.g.,* IND.CODE ANN. § 6–2.1–1–2 (West 1989). Indeed, the MSBT is the antithesis of a tax based on or measured by income, it is a tax based on value added. *See Mobil Oil,* 373 N.W.2d at 740. This Court notes that courts in Michigan have viewed the MSBT in the same manner.

The Michigan Supreme Court in *Mobil Oil* described the use of federal taxable income in the tax base formula as simply a starting point for ease of administration but noted that various adjustments converted the tax from an income type tax to a VAT. *Mobil Oil,* 373 N.W.2d at 741–42. Perhaps more importantly, the Michigan Court of Appeals has expressly held that the MSBT is not a tax that is measured by income. *Gillette Co. v. Department of Treasury,* 198 Mich.App. 303, 497 N.W.2d 595, 598–99 (1993). The *Gillette* Court held that the MSBT was not measured by income because of the "extensive adjustments required to compute the single business tax...." *Id.* at 598.

In addition to these holdings, courts and administrative bodies from other jurisdictions have agreed that the MSBT is not a tax that is based on or measured by income. *See Ardire v. Tracy,* 77 Ohio St.3d 409, 674 N.E.2d 1155 (1997); *Kellogg Sales Co. v. Department of Revenue,* 10 Or. Tax 480, 486–87 (1987), *aff'd,* 307 Or. 278, 766 P.2d 1029 (1988); *cf. Revenue Cabinet v. General Motors Corp.,* 794 S.W.2d 178, 179 (Ky.Ct.App. 1990); *see also In re Appeal of Kelly Serv., Inc.,* No. 97–SBE–010, 1997 WL 466851 (Cal. Bd.Eq. May 8, 1997); *In re Private Letter Ruling,* No. PD 94–313, 1994 WL 663482 (Va. Dep't Tax. Oct. 17, 1994). Central to the

---

**4.** The tax rate of 2.35% was effective for the years at issue in this case. After September 30, 1994, the tax rate was lowered to 2.30%. *See* MICH. COMP. LAWS ANN. § 208.31(1) (West 1998).

reasoning of each of these courts and tribunals was the acknowledgement of how the adjustments to federal taxable income by the MSBT change how the tax is measured. In the words of the *General Motors* court, "[T]he MSBT base has no relationship to gross or net income...." 794 S.W.2d at 179. Although these decisions are not binding on this Court, the Court sees no reason to disagree with the decisions of the Michigan courts or the decisions of the other jurisdictions.

■ Accordingly, this Court cannot find that the MSBT is based on or measured by income. Although income is certainly one element of the MSBT, the transformation that occurs through the adjustments so radically [5] alter the income element so as to make it impossible to conclude that the MSBT is "based on or measured by income." Although not every tax that is measured by income subtracts costs of production, *see Consolidated Coal Co. v. Department of State Revenue*, 583 N.E.2d 1199 (Ind.1991), no tax that is measured by income *adds* costs of production. The MSBT may start out with income, but after the extensive adjustments incorporated into the calculation of the MSBT, the MSBT becomes an entirely different tax, one that cannot be fairly read to fit under the "based on or measured by income" language chosen by the Indiana General Assembly.[6]

The Department's argument is an attempt to fit the square peg of the MSBT into the round hole of the "based on or measured by income" language that the Indiana General Assembly has chosen.[7] Admittedly, income is one way to measure the market's valuation of the production process. However, based on this reasoning, almost every tax could be construed as measured by income. Income is naturally linked to all aspects of the production process. As the Supreme Court noted, "compensation, depreciation and profit are not independent variables to be adjusted without reference to each other." *Trinova*, 498 U.S. at 376, 111 S.Ct. 818. However, this does not mean that every tax is based on income. Other aspects of the production process may be valued and taxed just as readily as income, and this is what has been done in Michigan with the MSBT.

## CONCLUSION

Based on the foregoing, this Court grants NBD's motion for summary judgment and denies the Department's motion for summary judgment.

---

5. The MSBT contains a rather complicated adjustment formula that requires almost three pages of the Michigan Code to explain.

6. Although NBD does not raise the point, the Court notes that it is dealing with a tax imposition statute, which must be construed against the State. *See State Bd. of Tax Comm'rs v. Jewell Grain Co.*, 556 N.E.2d 920, 921 (Ind.1990).

7. The Indiana General Assembly may decide in the future that the MSBT should be subject to the add back provided in subsection 6–5.5–1–2(a)(7). However wise that choice may be does not alter the fact that the law as it is written today does not require taxpayers to add back MSBT payments in calculating their FIT liability.